IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 02-00040 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LOVINA L. FARMER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT LOVINA L. FARMER'S MOTION TO GRANT AN EXTENSION TO FILE 2255 MOTION TO VACATE OR REDUCE SENTENCE**

Defendant Lovina Farmer ("Farmer") has filed a motion seeking an extension of time to file a motion under 28 U.S.C. § 2255 ("Section 2255").  Generally, a one-year period of limitation applies to a Section 2255 Motion.  See 28 U.S.C. § 2255.

Farmer pled guilty and was sentenced to Count I of the Second Superceding Indictment (Doc. 320).  The Court sentenced Farmer to 145 months of imprisonment and 5 years supervised release.

Judgment was entered on May 23, 2005 (Doc. 322).  Farmer filed a notice of appeal on May 16, 2005.  On March 13, 2006, the Ninth Circuit entered Judgment affirming the district court's

judgment (Doc. 434).

Farmer filed a petition for certiorari in the United States Supreme Court on June 14, 2006. The Supreme Court denied certiorari on October 2, 2006.

Under the mailbox rule, Farmer filed her "Motion to Grant an Extension to File 2255 Motion to Vacate or Reduce Sentence" (Doc. 352), on October 2, 2007, by placing her motion in the Federal Correction Camp mailbox on that date. In her motion for an extension of time, Farmer states that her Section 2255 Motion was due, under Section 2255's one year limitations period, on October 2, 2007. In her motion, Farmer asks for additional time to file her Section 2255 Motion because she "is not an expert in the law and need [sic] to find case law related to her case."

Farmer's motion for an extension of time appears to be an attempt to circumvent Section 2255's one year period of limitation. A petitioner cannot fail to file her Section 2255 motion within the one year limitation period and receive a motion for extension of time based upon a lessor showing than would be required to equitably toll the limitations period for an untimely Section 2255 motion. Farmer has not shown extraordinary circumstances as to why the Court should grant an extension of time. The fact that Farmer is not an expert in the law is not an extraordinary circumstance. See United States v. Van Poyck, 980 F.Supp. 1108, 1110 (C.D. Cal. 1997) ("Before a request for an

extension of time to file a § 2255 motion is granted, the district court must first be satisfied that 'extraordinary circumstances' beyond a prisoner's control justify the equitable tolling of the [Antiterriorsm and Effective Death Penalty Act's] clearly established period of limitation") (citation omitted).

Farmer may still file her Section 2255 Motion.  The Court makes no determination as to whether any such motion will be considered timely.  If Farmer chooses to file her Section 2255 Motion, the Court will determine, at that time, after briefing by Farmer and the government, whether her motion will be considered timely.  To be considered timely, Farmer must show that equitable tolling applies.

"AEDPA's one year limitation may be extended by equitable tolling, but only where 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'"  United States v. Richardson, 2007 WL 4239508, at *2 (E.D. Cal. Nov. 30, 2007) (quoting Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005)).  Determining whether equitable tolling is appropriate is a "highly fact-dependent inquiry", Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000), and the movant "bears the burden of showing that equitable tolling is appropriate." Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005).

For the foregoing reasons, Lovina L. Farmer's "Motion to

Grant an Extension to File 2255 Motion to Vacate or Reduce Sentence" (Doc. 352) is **DENIED**.

    IT IS SO ORDERED.

    DATED: December 10, 2007, Honolulu, Hawaii.



                       **/s/ Helen Gillmor**

                       Chief United States District Judge

_____

<u>United States v. Farmer</u>; Criminal No. 02-00040 HG; **ORDER DENYING DEFENDANT LOVINA L. FARMER'S MOTION TO GRANT AN EXTENSION TO FILE 2255 MOTION TO VACATE OR REDUCE SENTENCE**