LOVINA FARMER #
FEDERAL CORRECTIONAL CAMP #
P.O.BOX 5100
ADELANTO, CA. 92301


UNITED STATES DISTRICT COURT FOR THE
DISTRICT COURT OF __HAWAII__

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>          RESPONDENT )<br>  )<br>V  )<br>  )<br>LOVINA FARMER  )<br>          PETITIONER )<br>_____ ) | CRIMINAL CASE # 02-00040-HG |

**COMES NOW PETITIONER appearing Pro Se,** pursuant to the application Federal Rules adn Status and in support of Review and Correction of her sentence in this case , on the grounds that the sentence impose was determined and imposed in violation of the Fourth , Fifth , and Six Amendment.

<u>PRO SE STATUS JUDICIAL INTERPRETATION AND CONSTRUCTION</u>

   The defendant is filing this Motion Pro Se, being indigent and having no legal training or experience and being limited by the factual constraints of incarceration the defendant is depending upon this court to review the facts, the remedies and to apply the appropriate rule or statutes the facts and requested relief dictate, See U.S.v Young 936 F.2d (Ca 9 1991)

PAGE (1)

JURISDICTION

The jurisdiction of this post-conviction remdedy, as well as the scope of its application is established within the statutory framework of 28 U.S.C. 2255 and the historical protection in the Federal Constitution specilically an application for writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall only be entertained if appear that the applicant has failed to apply for relief by motion to the court which sentence him or that such court has denied her relief, unless it also appears that the remedy by motion is inadequate or ineffective to rest the legality by motion inadequate or ineffective to the test of the legality of her detention.

The Sevent Circuit recognized at the outset that the savings clause could not mean.  Addressing teh argument that the 2255 remedy is available whenever teh AEDPA restrictions on second or sucessive motion Court said.  that can't be right it would nullify the limitations Id at 608 as for what is right , the Seventh Circuit articulated the premise that the essentail, **function of habeas courpus is to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of her conviction and setnence.**

Id at 609 (emphasis added ). The Seventh Circuit explains .When the Supreme Court announces that the application to obtain a reliable judicial determination without this unconstitutional burden inherent in an administrative gatekeeping requirement.

PAGE (2)

## FACTS

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the **UNITED STATES OF AMERICA**, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, LOVINA FARMER have agreed upon the following.

1. Defendand acknowledge that she has been charged in the Second Superseding Indictment with violating Title 21, United States Code, Section 846, 952 and 963.

2. Defendant has read the charges against her contained in the Second Superseding Indictment, and those charges have been fully explained to her by her attorney.

3. Defendant fully understands the nature and elements of the crimes with which she has been charged.

4. Defendant will enter a voluntary plea of guilty to Count 1 of the Second Superseding Indictment chrging her with conspiracy to import from outside the United States, to a place its salts, isomers and salts of its isomers. The prosecution agrees to move to dismiss the remainign counts of the Second Superseding Indictment (Counts 2-5) as to Defendant after sentencing.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6  Defendant enters this plea because she is in fact quilty of conspiring to import more than 50 grams of methamphetamine from outside

the United States into the United States and agrees that this plea is voluntary and not the result of force or threats.

7. Defendant understands that the penalties for the offense to which she is pleading guilty include.

   a. up to life imprisonment and a fine of up to $4,000.00 plus a term of supervised release of not less than five years and up to life as to count 1.

on page 7 of the plea agreement on 11, it saids that the defendant is aware that she has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742 (a). Defendant knowingly wavies the right to appeal except as indicated in subparagraph "b" below any sentence within the maximum provided in the statutes (s) of conviction or the manner in which the sentece was determined on any of the grounds set forth in section 3742, or on any ground whaever, in exchange for consescions made by the prosecution in this plea agreement.

The defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brough defendant may make such a challenge (a) as indicated in suparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

From beginning to end petitioner Farmer feel that not having the effective assistance of counsel she was deprived of her constitutional rights by not having the effective assistance of counsel that would help petitioner in the process of her case causing this a great hardship to defendant.

Petitioner Farmer seeks to vacate and set aside her sentence due

to errors of constitutional magnitude occurring at her sentencing and and as part of her right to appeallate review. These errors were the causative result of acute violations of the Petitioner's Fifth Amendment rights as well as petitioner's denial of effective assistance of counsel in violation of the Sixth Amendment to the U.S. Constitution but for these abreidgments petitioner would not have suffered the detri- of these errors and more likely than not have been acquitted of much of the charged conduct.

The Sixth Amendment to the United States Constitution insures effective assistance of legal representation to all criminal defendants "The right to competent counsel must be assured every man accused of a crime in Federal Courts.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

It is axiomatic that the Sixth Amendment guarantees the right to the effective assistance of counsel. Strickland v Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L Ed 2d 674 (1984). This right guarantees that criminal defendants will receive assistance of counsel which will not be reddled with error and incompetence to the point at which it constitutes a violation of the right to have an attorney. "Counsel can...deprive a defendant of the right to effective assistance of simply by failing to render adequate legal assistance. Id., at 686 .

A claim of ineffective assistance of counsel is a mixed question of the law and fact reviewed de nove. United States v Angelone, 894 F.2d 1129, 1130 (9th Cir 1990). To prevail on such a claim under Strickland a petitioner's must establish (a) that his counsel's representation was outside the wide range of professionally competent assistance and (b) that she was prejudiced by reasons of his counsel's representation.

basis of that drug quantity. wherein the Court established that a prisoner whose length of sentence on an impermissbly incarcerate in **APPRENDI v NEW JERSEY** ,530 U.S. 466 (2000), (any fact other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury...) were available.

The Supreme Court recently determined in landmark cases such as Booker which upohold the Sixth Amendment to the Constitution that the sentence Guidelines are advisory not mandatory.

### RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

The United States Supreme Court held in the following cases that criminal defendant's either generally or in certain types of cases have a constitutional right to effective assistance of defense counsel which the court expressly or impliedly derived from the Sixth Amendment right to counsel.

Apparently basing its ruling on the Sixth Amendement, the court in McMann v Richardson (1970) 397 U.S. 759, 25 L Ed 763, 90 S Ct 1441, held that defendant's facing felony charges are entitled to the effective assistance of competent counsel. The court cited precedent to the effect that a defendant pleading quilty to a felony hcarge has a federal right to the assistance of counsel, and stated that it has long been recognized that the right to counsel's is the right to the effective assistance of counsel.

In Cuyler v Sullivan (198) 446 U.S. 335, 64 L Ed 2d 333, 100 S Ct 1708 it was held that inadequate assistance of counsel does not satisfy the Sixth Amendment right to counselmade applicable to the states through the Fourteenth Amendment.

Strickland, 466 U.S. at 687-88 . An Attorney's performance is deficient and it falls below an " objective standard of reasonableness. "Strickland 466 U.S. at 688.

In the present case, attorney limited understanding of petitioner's clients transactions and the pertinent procedures and regulations prevented counsel from rising to the "range of competence demanded of attorney's Hill, supra

**FAIR AND JUST REASON**

It has been said that the term " fair and just reason" lacks any presense of scientific exactness" United States Barke, 514 F.2d. 208, 220 (D.C. Cir 1975).

Nonetheless, this court has attempted to provide shape of this term by holding that a court shall " Vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, or inardvertertence. " United States v Rubalcaba, 811 F.2d 491, 493 (9th Cir 1986).

**VOLUNTARINESS**

The concept of ineffective assistance of counsel also applies to quilty please. United States v Keller 902 F.2d 1391, 1394 (9th Cir 1990).Where a defendant enters a plea of guilty upon the advice of counsel "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demand of attorneys in criminal cases "Hill" 474 U.S. at 56. Indeed.

During all critical states of a prosectuion must include the plea bargaining process, it is counsel's duty to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course the prosecution. Those obligations ensure that the

and the omissions in the record, to sentence the defendant to the lower level associated with her crime and the 841 (a) section.

A valid "guilty verdict or plea implies the presentence of the drugs in some amount, but no more than minimal and does not establish any among above the minimum required for validating the conviction and sentencing under the lower (statutory or Guideline) range. Without a specific amount, purity type the leverl would be at the lowest level at which the drug was never presented to petitioner.

The Sentencing Guidelines provide for a significantly increased range of incarceration depending upon the actual amount, type and purity.

The petitioner was neither charged with nor convicted of 841 (b)(1) the section under which she was sentenced as opposed to a ten year .

In this case the defendant was not advised of the effect of her quilty plea for the purpose of enhancements nor was she informed at the time of her plea that she would later be exposed to an additional upward levels enhancement's this should have been excluded from consideration by the sentencing court in calculating the defendant's sentence.

> **PLEA:** Guilty plea an accused person's formal admission in court of having committed the charged offense a quilty plea is usually part of a plea bargain It must be made **voluntary,** and only after the accused has been informed of an understands his or her rights. A guilty ordinarily has the same effect as a quilty verdict and conviction after a trial.

Petitioner did not agree to the plea agreement she was induce by her counsel to sign the plea agreement not knowing the consequences. counsel did not disclose to petitioner that by signing the plea contract she was

certain to be sentenced to additional years by the Probation Officer who authored the PSR adhesion Contract with unlawful upward enhancements.

Petitioner was not fully of the consequences of the whole process and was induce by her counsel to plea to everything the prosecutor said if not petitioner was getting more jail time. and petitioner was over-sentence without Due Process.

Due Process Clause requires that the defendant , reasonable expectation of the benefit be respected, inasmuch as it precludes enforcement of an unconscionable contract absent of proof of the defendant's fully informed consent to its risks, the majority concluded.

Petitioner was never fully informed of risks nor did she willingly or knowingly give consent to said risks.

In **United States v Riley 142 F.3d 1254 (1998)** it was held that the court may not rely on speculation to measure an amount of cocaine for sentencing purposes. The Court in **ARREDONDO v UNITED STATES 178 F.3d 778 (1999).** responded that sentencing courts are required to err on the side of caution when calculating drug quantities. The Court must first have the opportunity to respond to such an issue . In the case at bar neither defense counsel nor the prosecution presented the issue to the court.

There was no Grand Jury finding on a amount of drugs was not presented to a jury for a finding. The fifth and Sixth Amendment to the United States Constitution requires the quantity of drugs involved in an offense of conviction under **21 U.S.C 841** to be charged in the indictment submitt to a jury and proven beyond a reasonable doubt for a defendant to be exposed to an increased maximum statutory punishment on the drug quantity.

ultimate authority remains with the defendant, "to make certain fundamental decisions remains with the defendant "to make fundamental decisions regarding the case, as to whether to pled quilty , waive a jury, testify in his or her own behalf or take an appeal "Nunes v Mueller, 350 F.3d 1045 1053 (9th Cir 2003). To show prejudice in the context of a plea agreement "the defendant must show that there is a reasonable probability that, but for counse's errors, she would not have pleaded and would have insisted on goint to trial. "Hill 474 U.S. at 59 United States v Baramdyka, 95 F. 840, 844 (9th Cir 1996). A claim of ineffective assistance of counsel's is generally not cognizable on appeal unless "the record is sufficiently complete to allow the appellate court to decide the issue. United States v Swanson. 943 F.2d 1070, 1072 (9th Cir 1991). In the instant case, the record is sufficient for this court to review petitioner's claim.

  Petitioner feels that not having the effective assistance of counsel she was deprived of all her constitutional rights.

  Counsel never explain to petitioner the **Plea Agreement** counsel never took the time to help petitioner in the process of her case.

  In this case petitioner was held accountable for drug amounts of which she neither admitted to, nor had any knowledge of furthermore the petitioner was held accountable for an amount that was determined by used of the wrong standard of proof.

  Despite the general reference in the indictment as to the nospecific type of drugs (the indictment did not specify provisions. See also Norby and U.S. and U.S. v Aguayo Delgado No 99-4098, 8th Circuit. The counts of which the petitioner was convicted neither stated the specific amount type or purity nor made any reference to the penalty section of 21 USC 841 (b). Therefore the court was required under the Rule of Lenity and the

noting precedent to the effect that a quilty plea is open to plea to attack on the ground that counsel did not provide the defendant with reasonably competent advice" and that court procedures that restrict a lawyer's tactical decision to put the defendant on the stand unconstitutionally abridge the right to counsel . The Supreme Court concluded that the Sixth Amendment right to counsel not only requires the states to appoint a counsel for indigent defendants, but prevents the states from conducting trails at which persons who face incarceration must defend themselves without adequate legal assistance.

The Sixth Amendment righ tot a counsel exists and is needed, in order to protect the fundamental right to a fair trial, since access to counsel skill and knowledge is necessary to accord defendants the ample opportunity to meet the case of the prosecution to which they are entitled.

A fair trial is one in which evidence subject to adversarila testing is presented to an impartial tribunal for resolution of issue defined in advance of the proceeding/

That a person who happens to be a lawyer is present at trial alongside the accused is not enough to satisfy the Sixth Amendment; and accused is entitled to be assisted by an attorney, whether retained or appointed who plays the role necessary to insure that the trial is fair,. At petitioner's case counsel never explain to petitioner the consequences of her signing the plea agreement, she was not aware that by singing the plea agreement she was waiving all her constitutional rights.

Petitioner Farmer pray that this Honorable Court accept this motion and give Farmer the opportunity to be heard and allow her to have a sentence reduce, based on the fact that petitioner did not had an effective assistance of counsel that would help her in the process of her case, and did not look for mitigating factors to help petitioner in the process of her case,

Counsel never explain to Farmer, the plea agreement, counsel never explain to petitioner the presentence report, counsel never explain to petitioner that by signing the plea agreement she was waiving all her constitutional rights, petitioner pray for mercy and pray that this Honorable Court re-sentence her to a lower levels and give her the opportunity to have an early release.

Petitioner feels that her plea agreement is ambiguous, the ambiguities are construed against the government. United States v Andis 333 F.3d 886, 890 (8th Cir 2003) (en banc). However, in this case, ambiguity is not a challenge. the prosecutor breached the subject plea agreement when he argued a larger drug quantity and a different drug type., thus arbitrarily increasing the "minimum" sentencing guideline contempleted by the defendant in signing the plea agreement See United States v Thompson, supra (where agreement specified that one sentencing guideline provision was the applicable provision for the offense, but prosecutor recommended that defendant's factual stipulations supported the application of another guideline provision for use of firearm in connection with another felony offense, which provided for an increased sentence, government breache the plea agreement) Also see United States v Gomez 271 F.3d 779 (8th Cir 2001) (Government breache drug conspiracy plea agreement which stated drug quantity, by presenting

**PAGE (12)**

evidence of greater drug quantity in presentence investigation report)

Based on the Government's violation of the plea agreement , the legality of Petitioner's detention was placed into question. Only through this process can it be made right and reduced. Petitioner never agree with the sentence impose and she requested counsel to battle to the government and the presentence officer and he never did, as per him there was nothing to do and all deprived petitioner of her constitutional rights.

The Sixth Amendment to the United States Constitution insures effective assistance of legal representation to all criminal defendants.

The right to competent counsel must be assured every man accused of crime in Federal Court. "State of Union Address John F. Kenney, January 14, 1963 U.S. Code Cong. and Admin News, 2990 . An abridgment of this core, constitutional right meets the "error of constitutional magnitude outlined in Addonizion

To see whether counsel has fallen below the minimum standard needed for effective assistance of counsel under the Sixth Amendment to the Constitution .

For all of the failures of Petitioner's counsel, this Court must decide in light of all the circumstances facing counsel, whether his conduct fell within the wide range of professionally competent assistant expected of an attorney. Huynh v King,  95 F.3d 1052 , 1056 (11th Cir 1996).

"It is the clients right to expect that his lawyer will use every skill, expend every energy and tap every legitimate resources in the exercise of independent professional jdugement on behalf and in undertaking representation of the client's interest.

PAGE (13)

The benchmark for judging any claim of the effectiveness of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

Petitioner claims that her counsel was so ineffective that never help her in the process of her case, counsel never look for mitigating factors to help petitioner in the process of her case.

Petitioner was arrested since 2002 and was sentence in 2005 petitioner was sentence to 145 months.

Petitioner pray that this Court accept this Motion and Grant petitioner the opportunity to be heard, petitioner understand that this Honorable Court feels that petitioner should be giving the opportunity to have this Honorable Judge Grant her the opportunity to Grant a re-hearing and allow her to Grant a Counnsel that will help her in the process of her case.

**Presuming Within-Guidelines Sentences to Be Reasonable Is Inconsistent With Booker And Raises Grave Constitutional Concerns.**

This Court held in Booker that Mandatory application of the Guidelines in which the range of legally permissible sentences is increased based on findings by the district judge, violates the Sixth Amendment. 543 U.S. at 233. This Court cured the constitutional defect by excising 18 U.S.C § 3553 (b)(1), the provision of Sentencing Reform Act that required imposition of a sentence within the range recommended by the Guidelines , and also 18 U.S.C. § 3742 (e), the appellate review section under which the courts of appeals enforced conformity with

a within-Guidelines sentence must bear an additional burden of overcoming a presumption in favor of the Guidelines. To favor within-Guidelines sentences by presuming them to be reasonable is to transform a sentencing system meant to be effectively advisory" into one that is "effectively mandatory".

See Booker, 543 U.S. 311-12 (Scalia J Dissenting in part) (noting the importance for courts of appeals to "evauluate each sentence individually for reasonableness rather than apply the cooki-cutter standards of the mandatory Guidelines" in order to distiguish from the mandatory Guidelines system that the Court Today holds unconstitutional").

Petitioner pray that this Honorable Court accept this motion and grant petitioner the opportunity to be heard and allow her to have a sentence reduce .

Petitioner seeks to vacate and set aside her sentence due to errors of constitutional magnitude occurring at her sentencing and as part of her right to appellate review. These errors were the causative result of acute violations of the Petitioner's Fifth Amendment rights as well as Petitioner's denial of effective assistance of cousnel in violation of the Sixth Amendment to the U.S. Constitution. But for these abridgments, petitioner would not have suffered the detriment of these errors and more likely than not would have been acquitted of much of the charged conduct.

PAGE (15)

## STATUTORY ADDENDUM

## 18 U.S.C § 3553 . IMPOSITION OF A SENTENCE

(a) Factors to be considered in imposing a sentence.- The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph

(2) on this subsection.  The court in determining the particular sentence to be imposed shall consider

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed

   (A) to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant ;and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   (3) the kinds of sentences available

   (4) the kinds of sentence and the sentencing range established for

      (A) the applicable category of offense committed by the applicable categroy of defendant as set forth in the guidelines

         (i) issued by the Sentencing Commission pursuant to section 994 (a)

(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amenments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28 and

(ii) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission purusant to section 994 (a)(3) of title 28, United States Code, taking into account any amendments made to scuh guidelines or policy statements by act of Congress (regardless of whether such amend ments have yet to be incorporated by the Sentencing Commission into amendments issue under section 994 (p) of title 28);

(B) in the case of a violation of probation or supervised release, the applicble guidelines or policy statements issued by the Sentencing Commission pursuant to section 994 (a)(3) of title 28, United States Code, taking into account any amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28);

(5) any pertinent policy statement

    (A) issued by the Sentencing Commission pursuant to section 994 (a) (a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28)

    (B)  that except as provided in section 3742 (g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar recoreds who have been found guilty of similar conduct and

(7) the need to provide restitution to any victims of the offense.

Petitioner pray that this Honorable Court accept this motion and Grant petitioner the opportunity to be heard and allow her to have a sentence reduce, and allow her to have a re-hearing , and Grant petitioner the opportunity to have a counsel that would help her in the whole process of her case.

and consider her case based on § 18 U.S.C. § 3553 Imposition of Sentence (a) Factors to be considered in imposing a sentence the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court , in determining the particular sentence to be imposed shall consider.

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant

    (2) the need for the sentence imposed

        (A) to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense.

        (B) to afford adequate deterrence to criminal conduct

        (C) to protect the public from further crimes of the defendant and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentence and the sentence available

    (4) the kinds of sentence and the sentencing range established for

        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines

For all these reasons petitioner pray that this Honorable Court accept this 2255 Motion and grant her a sentence reduce and vacate her sentence to a lower level.

**RESPECTFULLY SUBMITTED ON THIS 19 DAY OF FEBRUARY  2008**

/s/ L. Farmer
LOVINA FARMER #
FEDERAL CORRECTIONAL CAMP
P.O. BOX 5100
ADELANTO, CA. 92301

CERTFICATE OF SERVICE

THIS IS TO CERTIFIED THAT I LOVINA FARMER DEPOSIT THIS 2255 MOTION ON A FEDERAL CORRECTIONAL CAMP MAILBOX IN THE CITY OF ADELANTO, CA ON THIS 19, DAY OF FEBRUARY, 2008

/s/ L. Farmer
LOVINA FARMER
FEDERAL CORRECTIONAL CAMP
P.O.BOX 5100
ADELANTO, CA. 92301