LOVINA FARMER #
FEDERAL CORRECTIONAL CAMP
P.O. BOX 5100
ADELANTO, CA. 92301

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 28 2008

at 4 o'clock and 30 min. P M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES DISTRICT CORUT )<br>     RESPONDENT )<br> )<br>V )<br> )<br> )<br>LOVINA FARMER )<br>     PETITIONER ) | CRIMINAL CASE # 02-00040-HG<br>AFFIDAVIT IN SUPPORT OF § 2255 |

    **COMES NOW PETITIONER LOVINA FARMER,** Pro Se, being duly sworn, hereby declares as follows: I am the petitioner in the above entitled proceeding, I am an inmate in a Federal Correctional Institution Facility , and I submit this affidavit in support of my application for a reduction of my time pursuant to Title 18 § 2255 Motion to Vacate and Set aside petitioner' sentence.

    As petitioner mention of her § 2255 Motion that she is filing this motion pro se being indigent and having no legal training or experience and being limited by the factual constraints of incarceration and pray that this Honorable Court accept this Motion and Grant petitioner the opportunity to have a re-hearing and allow the truth to comeforward.

Honorable Judge Gilmore:

I would like to request your attention to take the time to read my letter of importance. My Name is Lovina Farmer and as you know you sentence me on May 13, 2005 to 145 months. And I would like to take this opportunity to apologize to you. Your Honor as well as the Government and people connected to my case. Today I fully recognize and understand and admit that I was in complete denial being stubborn it was a foolish choice. I regret today, your Honor you were absolutely right, on the day of my sentence I was immature, and irresponsible for all my actions, I cannot change the pass, only how I react today.

Many years have passed I have learned to recount for my pass choice and present situation. During this six years I have utilized educational classes to up grade employment status as well recontructive thinking behavior throught process changing my belief system. My religious belives and all this years having god as my pillar in times of sorrow.

Today I considered myself lucky having learned the true value of life I'am proud of myself for who I am a responsible individual mature enough to face society and do only the religious things all of which I am grateful to the Institution to you , Honor (see exibits attached)

Honorable Judge now that the Sentencing Guidelines are advisory please consider my motion and lower my sentence to a lower level based on Section 3553 (a) which includes two distinct directive. The first instructs that in assessing the appropriate punishment district courts shall consider the series of factors and purposes listed in paragraph (1) through (7) the series of factors and purposes listed in paragraph

The Second States that district court "shall" impose" the sentence that is sufficient but not greater than necessary," to satisfy the purpo

set forth in 3553 (a)(2). These directives are mandatory, see Lexecon Inc, v Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35 (1998) ("[T]he mandatory 'shall' ... normally creates an obligation impervious to judicial discretion...") and the district court must comply with both statutory mandates for its choice of sentence to be 'reasonable " see Booker, 543 U.S. at 261.

1. The first directive of § 3553 (a) states that the district court "shall" consider" the enumerated factors and purposes in determining the setnence to impose. This is a straightforward command. The district judge is instructed to assess and evaluate to "reflect on" and "contemplate" see Webster's Third New International Dictionary 483 (1993) (defining "consider") these matters in crafting the final sentence. The statute permits. The statute permits no exception. It unequivocally mandates that the district court consider each enumerated factor and purpose. 18 U.S.C. § 3553 (a). A court is no more free to ignore one of these provisions than it would be to ignore any other, or the statute altogether. See United States v Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989) ("[W]here...the statute's language is plain , the sole function of the courts is to enforce it accordign to its terms.") (quoting Caminett v United States 242 U.S 470 485 (1917); see also Booker 543 U.S. at 304-05 (Scalia J., dissenting in part) ("The statute provides no order of priority among all the factors...") sentence imposed without consideration of all relevant factors and purposes of § 3553 (a) is, quite simply , invalid.

Petitioner Lovina pray that this Honorable Court accept this affidavit and grant petitioner the opportunity to vacate her sentence and lower her.

Petitioner submits that the sentence imposed in this case is unjust grossly unfair, and disproportionate to her involvement in the alleged offense. The rehabilitative goals of the criminal justice system.
would be better served by a reduction of the sentence imposed upon petitioner feels that such a reduction would reflect the potential for reform and would more closely reflect considerations of fairness and justice.

Petitioner respectfully requests that an evidentiary hearing be held at this court's earliest convenience and that competent counsel be appointed to represetn her in any further proceedings.

Section 2255 "provides the federal prisoner with a post conviction remedy to test the legality of his detention by filing a motion to vacate judgement and sentence in her trial court. "**Kuhn v United States 432 F.2d 82, 83 (5th Cir 1970).** The statute establishes that a prisoner in custody under a sentence of a court established by Congress "may move the court which imposed the sentence to vacate, set aside or correct the sentence . **28 U.S.C. § 2255. Where** there has been a denial or infringement of the constitutional rights of the prisoner as to render the judgement aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate **Id. (emphases added).**

Petitioner Lovina is not asking to be excused completely in this case she is merely asking that she be re-sentenced based on the amount of drugs she now believes she was responsible, not an amount relied upon by way of hearsay.

For the points of authority and reasons stated herein, the conviction and sentence imposed upon Petitioner cannot be sustained and the relief she is seeking must be **GRANTED**.

Respectfully Submitted this 25 day of February, 2008.

_____
LOVINA FARMER
FEDERAL CORRECTIONAL CAMP
P.O. BOX 5100
ADELANTO, CA. 92301