EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

BEVERLY WEE SAMESHIMA #2556
Assistant U.S. Attorney
PJKK Federal Building, Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Beverly.Sameshima@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00040 HG |
| | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | Date: November 3, 2003 |
| | ) | Time: 2:00 p.m. |
| LOVINA FARMER (02), | ) | Judge: Kevin S.C. Chang |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF PLEA AGREEMENT

    Pursuant to Rule 11 of the Federal Rules of Criminal
Procedure, the UNITED STATES OF AMERICA, by its attorney, the
United States Attorney for the District of Hawaii, and the
Defendant, LOVINA FARMER, and her attorney, Winston Ling,  have
agreed upon the following:

1.    Defendant acknowledges that she has been charged in the Second Superseding Indictment with violating Title 21, United States Code, Sections 846, 952 and 963.

2.    Defendant has read the charges against her contained in the Second Superseding Indictment, and those charges have been fully explained to her by her attorney.

3.    Defendant fully understands the nature and elements of the crimes with which she has been charged.

4.    Defendant will enter a voluntary plea of guilty to Count 1 of the Second Superseding Indictment charging her with conspiracy to import from outside the United States, to a place within the United States, more than 50 grams of methamphetamine, its salts, isomers and salts of its isomers.  The prosecution agrees to move to dismiss the remaining counts of the Second Superseding Indictment (Counts 2-5) as to Defendant after sentencing.

5.    Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.    Defendant enters this plea because she is in fact guilty of conspiring to import more than 50 grams of methamphetamine from outside the United States into the United States and agrees that this plea is voluntary and not the result of force or threats.

2

7.   Defendant understands that the penalties for the offense to which she is pleading guilty include:

a.   up to life imprisonment and a fine of up to $4,000,000, plus a term of supervised release of not less than five years and up to life as to Count 1,

b.   a minimum term of imprisonment of ten years as to Count 1, and

c.   At the discretion of the court, Defendant may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. § 862, (a) for up to five years if this is Defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is Defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances.  If this is Defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the Defendant is permanently ineligible for all federal benefits, as that term is defined in 21 U.S.C. § 862(d).

In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court Clerk's Office, to be credited to said special assessments, before the commencement of

any portion of sentencing.  Defendant acknowledges that failure
to make such full advance payment in a form and manner acceptable
to the prosecution will allow, though not require, the
prosecution to withdraw from this agreement at its option.

        8.  Defendant admits the following facts and agrees
that they are not a detailed recitation, but merely an outline of
what happened in relation to the charge to which Defendant is
pleading guilty:

        a. In or around January, 2002, Defendant agreed
with her co-defendant Daniel Farmer and co-conspirators Donna and
Douglas Christian and Santiago Leones to import a parcel
containing a quantity of methamphetamine from the Philippines to
Kauai.

        b.  In or around January, 2002, Defendant assisted
others in causing a parcel containing methamphetamine to be sent
from the Philippines by DHL Worldwide Express to co-conspirators
Donna and Douglas Christian on Kauai.

        c.  On January 17, 2002, co-Defendant Daniel
Farmer contacted Donna Christian to inquire as to whether the
parcel had arrived.

        d.  On January 17, 2002, Donna Christian accepted
delivery of a DHL parcel from the Phillippines addressed to
"Douglas Khristian, 5213 Willie Road, Backstage, Kapaa, Kauai"

and sent from Ilocus Sur, in the Philippines, which was delivered to her residence at 5213 Wili Road in Kapaa, Kauai.

e.  On January 17, 2002, after receiving the parcel, Donna Christian contacted co-Defendant Daniel Farmer to advise him that she had received the parcel and would be delivering it to him at the Farmers' residence in Puhi, Kauai later that day.

f.  On January 17, 2002,  Donna and Douglas Christian transported the parcel in their brown Ford Bronco from their home on Wili Road to the Farmers residence located at 4250 Uhu Place.

g.  Upon arrival at the Farmers residence at 4250 Uhu Place, Donna Christian took the parcel from the Ford Bronco and entered the Farmers' residence where she met with Daniel and Lovina Farmer, and informed them that she had the parcel. Daniel Farmer accepted physical possession of the parcel at the residence at 4250 Uhu Place.  Daniel Farmer opened the parcel and handled its interior contents. Lovina Farmer's two fingertips tested positive for Sirchie powder.

h.  A forensic chemist at the Drug Enforcement Administration Southwest Laboratory analyzed the controlled substances which were recovered from the parcel which had been sent to the Christians from the Philippines on or about January 17, 2002, and determined that there was a total of 264.1 grams of

d-methamphetamine HCl with a purity of 96%. Defendant does not dispute the results of the analysis conducted by the forensic chemist at the DEA Southwest Laboratory that the parcel which was received by the Christians on January 17, 2002 contained 264.1 grams of d-methamphetamine HCl with a purity of 96%. A forensic chemist at the Drug Enforcement Administration Southwest Laboratory also analyzed the controlled substances which were recovered from the parcel which had been sent to Lovina Farmer's son, Jaylord Medallon from the Philippines for forwarding to Kauai on or about September 13, 2001, and determined the following quantities and purities of d-methamphetamine HCl in the parcel:

| Weight (net) | Purity |
|---|---|
| 85.8 grams | 85% |
| 97.4 grams | 67% |
| 101.3 grams | 97% |
| 98 grams | 99% |

9.  Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the Presentence Report, determine the facts relevant to sentencing.

11. The Defendant is aware that she has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a. The Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b. If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) upward from the guideline range determined by the Court to be applicable

7

'to the Defendant, the Defendant retains the right to appeal the upward departure portion of her sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of her sentence in a collateral attack.

c.   The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

12.   The Defendant understands that the District Court in imposing sentence will be bound by the provisions of the Sentencing Guidelines.  Subject to the exceptions noted in the previous paragraph, the Defendant is surrendering her right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that the Defendant perceives to be an incorrect application of the Guidelines.  The Defendant further agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

13.   The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a

8

presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

14. Defendant understands that by pleading guilty she surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against her she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed

innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on her own behalf.  If the witnesses for the Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

e.  At a trial, the Defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

15.  Defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

16. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

17. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

18. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

19. The Defendant further agrees to be bound by this Memorandum of Plea Agreement and not to seek a withdrawal of the guilty plea that she intends to enter or to withdraw from this Memorandum of Plea Agreement.

20. Notwithstanding the previous paragraph, if, after signing this Memorandum of Plea Agreement, the Defendant nonetheless decides not to plead guilty as provided herein, or if the Defendant pleads guilty but subsequently makes a motion

11

before the Court to withdraw from the Plea Agreement and the Court grants that motion, the Defendant agrees that any statements that she makes to law enforcement agents or to the United States Attorney's Office for the District of Hawaii may be used against her in any trial brought against the Defendant. The Defendant further agrees that any admission of guilt that she makes by signing this Plea Agreement or that she makes while pleading guilty as set forth in this agreement may be used against her in a subsequent trial if the Defendant later proceeds to trial. The Defendant explicitly waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Plea Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.

DATED: _____, at Honolulu, Hawaii.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


FLORENCE T. NAKAKUNI,
Chief, Narcotics Section


BEVERLY WEE SAMESHIMA
Assistant U.S. Attorney


_____
LOVINA FARMER
Defendant


_____
WINSTON LING
Attorney for Defendant