EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

BEVERLY WEE SAMESHIMA #2556
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Beverly.Sameshima@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00040-02 HG |
| | ) | |
| Plaintiff, | ) | UNITED STATES' RESPONSE TO |
| | ) | MEMORANDUM REGARDING |
| vs. | ) | APPLICABILITY OF EQUITABLE |
| | ) | TOLLING; CERTIFICATE OF SERVICE |
| LOVINA FARMER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

UNITED STATES' RESPONSE TO MEMORANDUM
REGARDING APPLICABILITY OF EQUITABLE TOLLING

I.   INTRODUCTION

Now comes the United States, through its undersigned counsel, and hereby responds to Lovina Farmer's ("Farmer") memorandum regarding the applicability of equitable tolling. Farmer states that she did not file her § 2255 motion on time because she was diagnosed with breast cancer, suffered from anxiety and depression, lacked legal services, and possessed limited knowledge of the law.

I.   STATEMENT OF FACTS

    A.   **Procedural History of the Case**

Farmer and three other defendants, including her husband, Daniel Farmer, and another couple, Donna and Douglas Christian, were indicted by a federal grand jury on January 30, 2002, in Criminal No. 02-00040 HG in the District of Hawaii (hereafter "First Case"). The four-count Indictment charged the defendants with drug counts, including conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, attempt to distribute, and importation charges arising out of the delivery of a parcel of methamphetamine originating in the Philippines and destined for the Farmers' residence on the island of Kauai on January 17, 2002. One year later, in Criminal No. 03-00026 SOM (hereafter "Second Case"), a federal grand jury indicted Lovina and Daniel Farmer on two counts of conspiracy to import 50 grams or more of methamphetamine from the Philippines to Hawaii based upon another parcel which was also to be sent to the Farmers on Kauai from the Philippines via San Diego.

On June 2, 2003, a jury returned a guilty verdict against Defendant Douglas Christian in the First Case on all four counts.[1]  On July 18, 2003, Donna Christian pled guilty to Count

---

[1]   The case against Douglas Christian was severed from that of the other three defendants based upon <u>Bruton</u> concerns.  <u>United States v. Bruton</u>, 391 U.S. 123 (1968).  After his arrest,

1 of the Indictment in the First Case and was sentenced on May 24, 2004, to 46 months in prison.  Douglas Christian was sentenced on May 24, 2004, to 64 months in prison.

On July 24, 2003, a federal grand jury returned a Superseding Indictment in the First Case.  The Superseding Indictment eliminated the Christians as defendants and charged both Farmers with the four counts in the First Case.

On October 3, 2003, Daniel Farmer entered a guilty plea to the Superseding Indictment and was sentenced on March 22, 2004 to 135 months imprisonment.  On October 29, 2003, a federal grand jury returned a Second Superseding Indictment in the First Case which had the effect of eliminating Daniel Farmer as a defendant and combined the charges in both the First and Second Cases against Farmer.  The Second Case was dismissed.

B.   **Farmer's Guilty Plea**

On November 3, 2003, Lovina Farmer entered a guilty plea to Count 1 of the Second Superseding Indictment charging her with conspiracy to import more than 50 grams of methamphetamine from outside the United States, into the United States in violation of 21 U.S.C. §§ 952, 963 and 960(b) pursuant to a Memorandum of Plea Agreement.  On December 3, 2003, District

---

Defendant Douglas Christian gave an oral and written statement implicating himself and his three co-defendants.

Judge Helen Gillmor adopted the Magistrate Judge's Report and Recommendation regarding the guilty plea.

    C.    **Farmer's Motion to Withdraw Guilty Plea**

On April 5, 2005, almost eighteen months after she had entered her guilty plea, Farmer moved to withdraw the plea. In support of her claim, Farmer claimed that her plea was involuntary and uninformed. On May 5, 2005, a hearing on Farmer's motion was held before District Judge Helen Gillmor. At the conclusion of the hearing, the Court denied Farmer's motion.

    D.    **Farmer's Sentence**

Farmer was sentenced on May 13, 2005. The Court determined that her base offense level was 38 and that she was in Criminal History Category I. Farmer's guideline range was 235 to 293 months. Nevertheless, the Court departed downward and imposed a sentence of 145 months imprisonment and five years of supervised release. The Court filed its written judgment on May 23, 2005.

    E.    **Appellate Proceedings**

On May 16, 2005, Farmer timely filed a notice of appeal. On April 12, 2006, the Ninth Circuit affirmed the Court's judgment. United States v. Farmer, 171 F. App'x 670 (9th Cir. 2006). On June 14, 2006, Farmer filed a petition for certiorari in the United States Supreme Court. On October 2,

2006, the Supreme Court denied Farmer's petition for certiorari. Farmer v. United States, 127 S. Ct. 185 (2006).

F.   **Farmer's § 2255 Motion**

Generally, a one-year period of limitation applies to a § 2255 motion. See 28 U.S.C. § 2255. The statute of limitations under § 2255 begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(1). As the Supreme Court denied certiorari on October 2, 2006, the last date on which Farmer could have timely filed her § 2255 motion was October 2, 2007. On October 2, 2007, Farmer filed with this Court a Motion to Grant an Extension to File § 2255 Motion to Vacate or Reduce Sentence.[2] On December 10, 2007, the Court issued an Order denying Farmer's motion. The Court indicated that Farmer may still file her § 2255 motion; however, in order for said motion to be considered timely, Farmer must show that equitable tolling applies.

On February 28, 2008, nearly four months after the October 2, 2007 deadline, Farmer filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. On March 13, 2008, the Court issued a Minute Order acknowledging receipt of Farmer's § 2255 motion. The Court noted that Farmer's February 28, 2008 filings "do not provide any explanation as to

---

[2] Under the "mailbox rule," Farmer filed her § 2255 motion on October 2, 2007, by placing her motion in the Federal Correctional Institution's mailbox on that date.

5

why equitable tolling would apply" and gave Farmer until April 14, 2008 "to file a memorandum explaining why equitable tolling applies under the circumstances of her case."

  On April 10, 2008, Farmer filed the instant "Respond [sic] to Honorable Court Order."  In her response, Farmer states that she was diagnosed with breast cancer on March 16, 2006.  Farmer states that she was transferred from the Federal Prison Camp in Victorville, California to the Carswell Federal Medical Center on May 16, 2006.  A lumpectomy was performed in September 2006 and Farmer claims to have undergone intensive care treatment and recovery thereafter.  Farmer returned to Victorville in May 2007 where she continued to receive follow-up medical care.  Farmer states that her medical condition caused her anxiety and depression.  Farmer claims that she was unable to file her § 2255 motion on time because of "[t]he lack of legal services" and her "little knowledge" of the law.  In addition, Farmer claims that she attempted to obtain a copy of her transcript from her former attorney, Richard Pafundi, but received no response.  Farmer indicates that a relative of hers was able to obtain a copy of the transcript from the Court, but that she did not receive the transcript until the last week of September 2007.

III. <u>ARGUMENT</u>

  In the context of § 2255 motions, equitable tolling is available only when "extraordinary circumstances beyond a

prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F.3d 1083, 1089-90 (9th Cir. 2005) (citing Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003). To be entitled to equitable tolling, a prisoner must show "'(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way' and prevented timely filing." Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408 (2005). Specifically, a prisoner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Determining whether equitable tolling is appropriate is a "highly fact-dependent" inquiry, Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000)(en banc), and the movant "bears the burden of showing that equitable tolling is appropriate." Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005). See Spitsyn, 345 F.3d at 799. Equitable tolling is justified in few cases as "the threshold necessary to trigger equitable tolling is very high." Spitsyn, 345 F.3d at 799.

Extraordinary circumstances have been found to exist when wrongful conduct, either by state or government officials or, occasionally, by the petitioner's counsel, prevents a

7

prisoner from filing.  For instance, equitable tolling has been applied in circumstances where the prison library was inadequate, Whalem/Hunt, 233 F.3d at 1148; where the prisoner was denied access to his files, Lott v. Mueller, 304 F.3d 918, 925 (9th Cir. 2002); and where an attorney's egregious misconduct prevented timely filing, Spitsyn, 345 F.3d at 801.

      While a diagnosis of breast cancer is undeniably unfortunate and sympathetic, and clearly a circumstance beyond Farmer's control, Farmer has failed to demonstrate how her medical condition made it impossible for her to timely file her § 2255 motion.  Farmer does not provide any details about her medical condition or how it affects her, other than the fact that she suffers from anxiety and depression as a result.  Although she attaches a copy of a letter from the Regional Director of the Federal Bureau of Prisons describing her diagnosis and medical record, and a copy of her pathology report, these exhibits do not demonstrate that she was incapacitated from October 2006 through October 2007 in such a way that prevented her from timely pursuing § 2255 relief.  Thus, Farmer's medical condition is not an extraordinary circumstance warranting the equitable tolling of the one-year period of limitations for filing a § 2255 motion. See Roberts v. Cockrell, 319 F.3d 690, 695 (5th Cir. 2003) (holding equitable tolling inapplicable despite prisoner's hospitalization thirteen times during a one-year period where

prisoner failed to provide details concerning when and how long he was hospitalized). Cf. Calderon v. United States Dist. Court for the Cent. Dist. of Cal., 163 F.3d 530 (9th Cir. 1998) (en banc) (holding that a threshold showing of a prisoner's mental incompetence is grounds for equitably tolling the one-year limitations period for filing habeas petitions).[3]

       Farmer ambiguously states, without providing any further explanation, that a "lack of legal services" and her lack of knowledge of the law "hindered her ability to respond on time." As the Court previously noted in its December 10, 2007 Order, the fact that Farmer is not an expert in the law is not an extraordinary circumstance. See Rasberry v. Garcia, 448 F.3d

---

[3] The government is aware that pursuant to Rule 36-3 of the Ninth Circuit Rules, unpublished decisions are not precedential. However, the government would like to bring the following cases to the Court's attention because they appear to involve somewhat similar fact patterns. In United States v. Frank, 23 F. App'x 659 (9th Cir. 2001), the Ninth Circuit concluded that equitable tolling was justified where a prisoner was suffering from colon cancer and undergoing chemotherapy and radiation therapy. However, the decision does not contain any facts or analysis regarding how the prisoner's medical condition justified equitable tolling. In United States v. Bowen, 76 Fed. App'x 841 (9th Cir. 2003), the petitioner filed his § 2255 petition 34 months late. The Ninth Circuit affirmed the district court's dismissal of the petition as untimely, but noted that "[t]he unfortunate course of events that has apparently befallen Bowen, including his neurological illness and the December 1996 death of his attorney, likely qualify his case for some period of equitable tolling." However, the court held that this period of equitable tolling would not be enough to salvage Bowen's 34-month late claim. The decision does not contain any description of Bowen's "neurological illness," nor does it contain any analysis regarding the applicability of equitable tolling.

1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

In addition, Farmer states that she was unable to obtain a copy of her transcript from her previous attorney and that she was only able to obtain such copy sometime in September 2007, as a result of the efforts of a relative.  Farmer does not describe what efforts, if any, she made to obtain the transcript from Mr. Pafundi and has made no factual showing of any misconduct by Mr. Pafundi with respect to this matter.  In addition, Farmer fails to demonstrate any improper delay by the Court in processing her relative's transcript request that resulted in her not receiving the transcript until September 2007.

Other than the efforts of Farmer's relative, Farmer appears to have made no independent effort to obtain the transcript from the Court.  To the extent Farmer is claiming that the lack of a transcript made it impossible for her to timely file her § 2255 motion, Farmer does not appear to have exercised due diligence.  Regardless, the claims raised in Farmer's § 2255 motion appear to be allegations of ineffective assistance of counsel with respect to counsel's failure to adequately explain the terms of the plea agreement.  Thus, neither the transcript of Farmer's change of plea hearing nor sentencing hearing is

relevant to Farmer's § 2255 motion and the alleged lack of a transcript cannot possibly have prevented Farmer from timely filing her motion.

Accordingly, Farmer has not met her burden of demonstrating that any extraordinary circumstances beyond her control or wrongful conduct made it impossible for her to timely file her § 2255 motion.

IV.  CONCLUSION

For the foregoing reasons, the government submits that Farmer has failed to establish that equitable tolling applies, thus, her § 2255 motion filed nearly four months outside the 1-year limitations period is untimely.

DATED:  May  5 , 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By   /s/ Beverly Wee Sameshima
    BEVERLY WEE SAMESHIMA
    Assistant U.S. Attorney

Attorneys for Respondent
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

    LOVINA FARMER
    Inmate #88539-022
    FCI Victorville Medium II
    Satellite Camp
    P.O. Box 5100
    Adelanto, CA   92301

    DATED:  May 6, 2008, at Honolulu, Hawaii.

    /s/ Dawn M. Aihara