IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LOVINA L. FARMER, ) | CIV. No. 08-00102 HG-LEK |
| ) | |
| ) | CRIM. NO. 02-00040 HG 02 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255
AND
DENYING FARMER A CERTIFICATE OF APPEALABILITY**

Movant Lovina L. Farmer ("Farmer") has filed a Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 ("Motion" or "Section 2255 Motion"). Farmer's Motion is untimely. Farmer's Section 2255 Motion, the case file, and the record in this case also conclusively show that Farmer is entitled to no relief. Because Farmer has not put forth sufficient facts to show that equitable tolling applies and her Motion otherwise lacks merit, Farmer's Motion is DENIED.

Because Farmer has not shown a substantial denial of a constitutional right or that reasonable jurists would find it

debatable whether the Court is correct in its procedural ruling, the Court also DENIES Farmer a certificate of appealability.

## PROCEDURAL HISTORY

On October 4, 2007, Movant Lovina L. Farmer ("Farmer") filed a motion seeking an extension of time to file a motion under 28 U.S.C. § 2255. (Doc. 352.)[1]

On December 10, 2007, the Court entered an Order Denying Lovina L. Farmer's Motion to Grant Extension of Time to File 2255 Motion to Vacate or Reduce Sentence. (Doc. 355, "Order".)

In its December 10, 2007 Order, the Court explained that "[a] petitioner cannot fail to file her Section 2255 motion within the one year limitation period and receive a motion for extension of time based upon a lessor showing than would be required to equitably toll the limitations period for an untimely Section 2255 motion." (Order at 2.)

The Court further explained that Farmer could file her Section 2255 motion, and the Court would "determine, at that time, after briefing by Farmer and the government, whether her motion will be considered timely." (Id. at 3.)

On February 28, 2008, Farmer filed a Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Doc. 356, "Motion" or "Section 2255

---

[1] All docket references are to the criminal docket, Crim. No. 02-00040 HG 02.

2

Motion") and an affidavit in support of her motion. (Doc. 358.) Farmer's Motion claims: violation of constitutional rights (Ground One); ineffective assistance of counsel (Ground Two); and violation of plea agreement (Ground Three).

Farmer's February 28, 2008 filings did not provide any explanation as to why equitable tolling would apply. The Court, by Minute Order, dated March 13, 2008 (Doc. 359), gave Farmer until April 14, 2008 to file a memorandum explaining why equitable tolling applies under the circumstances of her case. The Government had until May 14, 2008 to respond.

On April 10, 2008, Farmer filed a response to the Court's Order. ("Farmer's Response", Doc. 360.)

On May 6, 2008, the Government filed its response to Farmer's memorandum regarding the applicability of equitable tolling. ("Gov. Response", Doc. 361.)

### STANDARD OF REVIEW

28 U.S.C. § 2255 ("Section 2255") permits a prisoner in custody, under sentence of a court, claiming the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, to move the court which imposed the sentence to vacate, set aside, or correct the sentence. See 28 U.S.C. § 2255.

Under Section 2255, a court shall hold an evidentiary hearing on a prisoner's Section 2255 petition, "[u]nless the

motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A court need not hold an evidentiary hearing on a prisoner's Section 2255 petition where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981)).

**ANALYSIS**

**I.   Farmer's Section 2255 Motion is Untimely**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one year period of limitation for section 2255 motions. The one year limitation period begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(1).

On November 3, 2003 Farmer entered a guilty plea to Count 1 of the Second Superceding Indictment charging her with conspiracy to import more than 50 grams of methamphetamine from outside the

United States, into the United States in violation of 21 U.S.C. §§ 952, 963 and 960(b) pursuant to a Memorandum of Plea Agreement.

On April 5, 2005, Farmer moved to withdraw her guilty plea. Farmer claimed that her plea was involuntary and uninformed. At the hearing on May 6, 2005, the Court orally denied Farmer's motion to withdraw her guilty plea and the Court issued a written order on June 20, 2005. On appeal, the Ninth Circuit Court of Appeals affirmed the Court's order denying Farmer's motion to withdraw her guilty plea. United States v. Farmer, 171 Fed.Appx. 670, 2006 WL 701871 (March 17, 2006).

On May 13, 2005, the Court sentenced Farmer to Count I of the Second Superceding Indictment. (Doc. 320.) The Court determined that her base offense level was 38 and that she was in Criminal History Category I. Farmer's guideline range was 235 to 293 months. The Court imposed a sentence of 145 months of imprisonment and 5 years of supervised release. Judgment was entered on May 23, 2005. (Doc. 322.)

Farmer filed a timely notice of appeal on May 16, 2005. On March 17, 2006, the Ninth Circuit Court of Appeals entered an Order affirming the Court's judgment. See United States v. Farmer, 171 Fed. Appx. 670 (9th Cir. 2006).

On June 14, 2006, Farmer filed a petition for certiorari in the United States Supreme Court. The Supreme Court denied

certiorari on October 2, 2006.  See Farmer v. United States, 127 S.Ct. 185 (2006).

As the Supreme Court denied certiorari on October 2, 2006, the last date on which Farmer could have timely filed her Section 2255 Motion was October 2, 2007.  Farmer did not file her Section 2255 Motion until, February 28, 2008, over four months after the October 2, 2007 deadline.

In her April 10, 2008 filing, Farmer presents reasons why she believes equitable tolling applies. "AEDPA's one year limitation may be extended by equitable tolling, but only where 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'"  United States v. Richardson, 2007 WL 4239508, at *2 (E.D. Cal. Nov. 30, 2007) (quoting Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005)).  To be entitled to equitable tolling, a movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.  Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007) (citation omitted).  Determining whether equitable tolling is appropriate is a "highly fact-dependent inquiry", Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000), and the movant "bears the burden of showing that equitable tolling is appropriate." Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005).

Farmer has not shown extraordinary circumstances which would have interfered with her ability to file her Section 2255 Motion within the one-year statute of limitations. In her April 10, 2008 filing, Farmer states that she was diagnosed with breast cancer on March 16, 2006. She attaches a medical report indicating the results of a needle biopsy of her breast. She states that she was transferred from the Federal Prison Camp in Victorville, California to the Carswell Federal Medical Center on May 16, 2006. The Court has no further medical reports. Petitioner states that she underwent a lumpectomy in September 2006. In her filings she alleges that: "[f]ollowing January 2007, the petitioner was scheduled for beyond the stage surgery. Immidiately [sic] after petitioner went through intensive care treatment and recovery." (Farmer's Response, Doc. 360 at 2.)

In May 2007, Farmer returned to Victorville. She states that she continued to receive follow up medical care. Farmer also states that her medical condition caused her anxiety and depression. There are no medical records offered to indicate any further diagnosis or treatment.

Farmer also claims that she was unable to timely file her Section 2255 Motion: (1) because of "[t]he lack of legal services" and her "little knowledge" of the law; and (2) because, although she attempted to obtain a copy of her transcript from her former attorney, Richard Pafundi, she received no response.

Farmer states that a relative of hers was able to obtain a copy of the transcript from the Court, but that she did not receive it until the last week of September 2007.

While the Court is sympathetic to Farmer's medical condition, Farmer has failed to demonstrate how it made it impossible for her to timely file her Section 2255 Motion. Farmer's surgery predated the one-year time period for the filing of her Section 2255 Motion.  Although Farmer states that she continued to receive follow up care, the evidence presented by her -- consisting of a June 30, 3006 letter from the Regional Director of the Federal Bureau of Prisons describing her diagnosis and medical record and her pathology report - predate her surgery and the one year period for filing the Section 2255 Motion.  The evidence does not demonstrate that she was incapacitated in such a way that it prevented her from timely pursuing Section 2255 relief.  Farmer returned to Victorville in May 2007, five months before her Section 2255 Motion filing deadline, and although she states that she continued to receive follow up care, she has not presented any evidence as to the extent of care required or received.

Farmer's other reasons likewise do not amount to extraordinary circumstances.  The fact that Farmer is not an expert in the law is not an extraordinary circumstance.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)("pro se

petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstances warranting equitable tolling"). Farmer's asserted inability to obtain a copy of her transcript is unpersuasive. Farmer does not explain what efforts she made to obtain a copy of the transcript from her attorney. Nor does she explain what efforts she made herself to obtain a copy of the transcript from the Court. Moreover, Farmer has not connected the fact that she did not obtain a copy of the transcript until September 2007 with her alleged inability to timely file her Section 2255 Motion. Farmer's Section 2255 Motion is based on allegations of ineffective assistance of counsel with respect to counsel's failure to adequately explain the terms of the plea agreement. The transcripts of Farmer's change of plea and sentencing hearings reveal that Farmer had acknowledged before this Court that she knowingly and voluntarily entered into the plea agreement. They would not contain the substance of Farmer's out of court communications with her counsel.

Because Farmer has not met her burden of showing extraordinary circumstances, equitable tolling does not apply. Farmer's Section 2255 Motion is time-barred.

## II. **The Grounds for Habeas Relief Set Forth in Farmer's Section 2255 Motion Are Without Merit**

Each of the three grounds set forth in Farmer's Section 2255 Motion is based on Farmer's claim that her counsel was

petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstances warranting equitable tolling"). Farmer's asserted inability to obtain a copy of her transcript is unpersuasive. Farmer does not explain what efforts she made to obtain a copy of the transcript from her attorney. Nor does she explain what efforts she made herself to obtain a copy of the transcript from the Court. Moreover, Farmer has not connected the fact that she did not obtain a copy of the transcript until September 2007 with her alleged inability to timely file her Section 2255 Motion. Farmer's Section 2255 Motion is based on allegations of ineffective assistance of counsel with respect to counsel's failure to adequately explain the terms of the plea agreement. The transcripts of Farmer's change of plea and sentencing hearings reveal that Farmer had acknowledged before this Court that she knowingly and voluntarily entered into the plea agreement. They would not contain the substance of Farmer's out of court communications with her counsel.

Because Farmer has not met her burden of showing extraordinary circumstances, equitable tolling does not apply. Farmer's Section 2255 Motion is time-barred.

## II. **The Grounds for Habeas Relief Set Forth in Farmer's Section 2255 Motion Are Without Merit**

Each of the three grounds set forth in Farmer's Section 2255 Motion is based on Farmer's claim that her counsel was

ineffective by failing to adequately explain the terms of her plea agreement. The Ninth Circuit Court of Appeals has already addressed and decided this precise issue on direct appeal. The Ninth Circuit expressly rejected Farmer's contention that her plea was involuntary due to ineffective assistance of counsel. United States v. Farmer, 171 Fed.Appx. 670, 2006 WL 701871, at *1. The Ninth Circuit also rejected Farmer's argument that the change in law announced in United States v. Booker, 543 U.S. 220 (2005) rendered her guilty plea involuntary. Id. Accordingly, none of the grounds set forth in Farmer's Section 2255 Motion has any merit.

### III. Disposition of Farmer's Section 2255 Motion is Suitable Without a Hearing

The Court further finds that Farmer's Section 2255 Motion is suitable for disposition without a hearing. Farmer's Section 2255 Motion is time-barred and the law is clear that Farmer is not entitled to habeas relief on any of the grounds set forth in her Motion. Farmer's Section 2255 Motion, the United States' response, the case file, and records of the case conclusively show that Farmer is not entitled to habeas relief on the grounds she alleges. See 28 U.S.C. § 2255. The Court will not hold an evidentiary hearing on Farmer's Section 2255 Motion. See Shah, 878 F.2d at 1158; Schaflander, 743 F.2d at 717.

## Certificate of Appealability

I. **Standard**

Under 28 U.S.C. § 2253(c), a movant must make a "substantial showing of the denial of a constitutional right" in order to obtain a certificate of appealability when the district court has denied a habeas claim on the merits. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999). To satisfy this standard, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

When a petition is denied based on procedural grounds without reaching the merits of the claim, a certificate of appealability shall be issued if petitioner makes two showings. See Slack, 529 U.S. at 484-85. First, a petitioner must show reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." Id. at 484.

Second, a petitioner must show reasonable jurists would find "it debatable whether the district court was correct in its procedural ruling." Id. Both showings are required before a Certificate of Appealability will be issued. See Lambright v. Stewart, 220 F.3d 1022, 1026-27 (9th Cir. 2000). The two components are each part of a threshold inquiry. Slack, 529 U.S. at 485. "[A] court may find that it can dispose of the

11

application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id.

**II. Application**

Farmer does not satisfy the standard for a certificate of appealability for a denial on the merits or on procedural grounds. Farmer's Section 2255 Motion is time-barred. Farmer has not made any showing of a denial of a constitutional right. Rather, Farmer brings unsupported claims of ineffective assistance of counsel and attempts to challenge her sentence in contravention of her plea agreement. Reasonable jurists could not debate the Court's conclusion that Farmer has failed to state a valid claim of the denial of a constitutional right. Nor would reasonable jurists find it debatable that the grounds set forth in Farmer's Section 2255 Motion are time-barred.

Farmer has not made the required showing for a certificate of appealability.

## CONCLUSION

For the foregoing reasons,

(1) Movant Lovina L. Farmer ("Farmer")'s Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Doc. 356) is **DENIED;**

(2) Farmer is not entitled to a certificate of

appealability on any of the grounds in her Section 2255 Motion; and

(3) This case is now **CLOSED**.

IT IS SO ORDERED.

DATED: June 24, 2008, Honolulu, Hawaii.



   /s/ Helen Gillmor

Chief United States District Judge

---

Lovina L. Farmer v. United States of American; Civ. No. 08-00102 HG-LEK and Crim. No. 02-00040 HG 02; **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255 AND DENYING FARMER A CERTIFICATE OF APPEALABILITY**